UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
STACI BONDI, MARIA CAPARELA AND JASMINE
HERNANDEZ,

          Plaintiffs,

    -against-

NEW ROCHELLE HOTEL ASSOCIATES D/B/A NOMA
SOCIAL, MICHAEL DEFALCO, COLBY BROCK GUALANO,
AND MR. (FNU) BROCK.

         Defendants.
-------------------------------------------------------------------X

**COMPLAINT**

**JURY TRIAL DEMANDED**

## NATURE OF ACTION

1. Plaintiffs bring this action to recover unpaid wages, unpaid minimum wage, liquidated damages, punitive damages, and reasonable attorney fees and costs from the Defendants, for whom the Plaintiffs performed work.

2. Plaintiffs were bartenders employed in the Defendants' restaurant/nightclub (the "Restaurant"). For a time prior to filing this Complaint, the Defendants willfully committed violations of 29 U.S.C §201 et. seq., (the "Fair Labor Standards Act" or "FLSA") and the New York Labor Law ("NYLL") by failing to keep accurate time records, failing to pay the Plaintiffs minimum wage by using an unlawful tip-credit, and terminating the Plaintiffs employment for engaging in the protected activity of complaining about unlawful pay practices, as detailed in this Complaint.

3. The Defendants utilized a tip credit to avoid having to pay the Plaintiffs the full statutory Minimum Wage under the NYLL. The Defendants did not provide the Plaintiffs with proper notice to utilize a tip credit, did not keep track of the Plaintiffs work hours, and engaged in a practice where the employer would make deductions from the Plaintiffs' pay for cash shortages. Because the Defendants did take the necessary steps to utilize a proper tip credit and made unlawful deductions from the Plaintiffs' wages, the Plaintiffs were paid less than the Federal and NY State minimum wage for each hour worked.

4. Additionally, the Defendants retaliated against the Plaintiffs for engaging in concerted activity. On June 4, 2017, the Defendants unlawfully terminated the employment of each Plaintiff when they complained that they were not being paid the proper wages. In fact, the Defendant, Michael Defalco, assaulted and battered Plaintiff Stacey Bondi in front of a crowd of customers in response to her complaints about wage violations.

## JURISDICTION AND VENUE

5. This action arises under 29 U.S.C §201 et. seq., (the "Fair Labor Standards Act" or "FLSA").

6. This Court has jurisdiction under 28 U.S.C. §1331 and 29 U.S.C. § 216.

7.  Plaintiffs invoke the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367.

8.  Venue is proper in the Southern District of New York under 28 U.S.C. §1391 because the Defendants conduct business there and the cause of action arose there.

## THE PARTIES

9.  Plaintiff Anastasia Bondi ("Anastasia") resides in Yonkers, New York.

10. Plaintiff Maria Caporale ("Maria") resides in Bronx, New York.

11. Plaintiff Jasmine Hernandez ("Jasmine") resides in Bronx, New York.

12. Upon information and belief, Defendant New Rochelle Hotel Associates d/b/a Noma Social 1 ("Corporate Defendant") is a corporation formed in the State of New York and is located at 1 Radisson Plaza, New Rochelle, N.Y 10801.

13. Upon information and belief, Defendant Michael Defalco ("Michael") is the general manager of Corporate Defendant with his principal place of business located at Corporate Defendant, and is domiciled in the State of New York.

14. Upon information and belief, Defendant Colby Brock Gualano ("Ms. Brock"), owns all or part of Corporate Defendant, and resides in the State of New York.

15. Upon information and belief, Defendant Mr. (FNU) Brock ("Mr. Brock"), owns all or part of Corporate Defendant, and resides in the State of New York.

## BACKGROUND FACTS

16. Corporate Defendant is an "employer" under the FLSA.

17. Corporate Defendant is an "employer" under the NYLL.

18. Corporate Defendant is a restaurant.

19. Corporate Defendant is an eating or drinking place that prepares and offers food or beverage for human consumption on its premises to the public[1].

20. Corporate Defendant is engaged in the hospitality industry under the NYLL.

21. During any period of time whatsoever between September 2015 through June 16, 2017, [2] Corporate Defendant had the ability to perform one or more of the following actions: (1) hire certain employees of Corporate Defendant, (2) terminate the employment of certain employees of Corporate Defendant, (3) set the wage rates of certain employees of Corporate Defendant, (4) maintain payroll records for certain employees of Corporate Defendant, or (5) institute work rules for certain employees of Corporate Defendant.

22. During any period of time whatsoever between September 2015 through June 16, 2017, Defendant Michael had the ability to perform one or more of the following actions: (1) hire

---

[1] http://www.nomasocial.com/.
[2] For purposes of this Complaint this time period shall be Referred to the "Relevant Time Period" and all allegations claimed herein refer to times within the Relevant Time Period.

certain employees of Corporate Defendant, (2) terminate the employment of certain employees of Corporate Defendant, (3) set the wage rates of certain employees of Corporate Defendant, (4) maintain payroll records for certain employees of Corporate Defendant, or (5) institute work rules for certain employees of Corporate Defendant.

23. During any period of time whatsoever between September 2015 through June 16, 2017, Defendant Ms. Brock had the ability to perform one or more of the following actions: (1) hire certain employees of Corporate Defendant, (2) terminate the employment of certain employees of Corporate Defendant, (3) set the wage rates of certain employees of Corporate Defendant, (4) maintain payroll records for certain employees of Corporate Defendant, or (5) institute work rules for certain employees of Corporate Defendant.

24. During any period of time whatsoever between September 2015 through June 16, 2017, Defendant Mr. Brock had the ability to perform one or more of the following actions: (1) hire certain employees of Corporate Defendant, (2) terminate the employment of certain employees of Corporate Defendant, (3) set the wage rates of certain employees of Corporate Defendant, (4) maintain payroll records for certain employees of Corporate Defendant, or (5) institute work rules for certain employees of Corporate Defendant.

25. Corporate Defendant is involved in an industry affecting commerce within the meaning of the FLSA.

26. Corporate Defendant's annual revenues exceed $500,000 for the year 2017.

27. Corporate Defendant's annual revenues exceed $500,000 for the year 2016.

28. Corporate Defendant's annual revenues exceed $500,000 for the year 2015.

29. Corporate Defendant employs at least two employees who regularly engage in interstate commerce.

30. On information and belief, Corporate Defendant regularly employs an individual that regularly and customarily uses the interstate telecommunications network to process credit card transactions with firms outside the state of New York.

31. On information and belief, Corporate Defendant regularly purchases goods from locations manufactured outside the State of New York and utilizes such products within the State of New York.

32. The business activities of the Corporate Defendant are related and performed through unified operation or common control for a common business purpose and constitutes an enterprise within the meaning of the FLSA.

33. The Corporate Defendant engages in a combination of different activities in the course of its business operation, including but not limited to: (1) cooking food, (2) advertising, (3) bookkeeping, (4) managing employees, and (5) selling (the "Related Activities").

34. The Corporate Defendant has an organizational structure whereby there is an individual, or group of individuals, who control the Related Activities.

35. Corporate Defendant failed to keep accurate and sufficient payroll and time records, as required by law.

36. During the Relevant Time Period, Corporate Defendant did not use a punch card time keeping system to record the Plaintiffs' work hours.

37. During the Relevant Time Period, Corporate Defendant did not use a handwritten time keeping system to record Plaintiffs' work hours.

38. During the Relevant Time Period, Corporate Defendant did not record any of the Plaintiffs' exact daily work start time and exact daily work end time.

39. Corporate Defendant did not maintain sufficient payroll and time records to determine the weekly pay and hours worked by the Plaintiff and FLSA Class.

40. The Plaintiffs were employees of the Corporate Defendant during the Relevant Time Period.

41. The Plaintiffs were not independent contractors while performing services for Corporate Defendant during the Relevant Time Period.

42. Corporate Defendant provided all of the equipment and material for the Plaintiffs to perform their job.

43. Corporate Defendant treated the Plaintiffs' as "W-2" wage earners while employed.

44. Corporate Defendant set the Plaintiffs' work schedule, and method and rate of pay.

45. Corporate Defendant assigned the Plaintiffs the specific job duties to which they had to perform.

46. The Plaintiffs were not free to hire other employees to work in their place to perform their job duties for Corporate Defendant.

47. No Plaintiff ever had any ownership interest in Corporate Defendant and never invested capital into corporate defendant.

### Statutory Wage Notice Violations Applicable to Each Plaintiff ("Wage Notice Violations")

48. Corporate Defendant failed to comply with the provisions of 12 NYCRR§146-2.3 by failing to provide each Plaintiff with a paystub each week that the Plaintiffs were paid by Defendants.

49. Corporate Defendant did not provide Plaintiff with a statement of wages[3] with each payment of wages that set forth Plaintiff's hours worked, rates of pay, gross wages, credits claimed (for tips, meals and lodging) if any, deductions and net wages.

50. Corporate Defendant failed to provide each Plaintiff with a written notice of tip credit as required in 12 NYCRR §146-2.2 as a condition precedent to utilizing the tip credit as required by 12 NYCRR §146-1.3.

51. Corporate Defendant failed to provide each Plaintiff with a written notice of pay rate.

---

[3] commonly referred to as a paystub.

52. Corporate Defendant failed to provide each Plaintiff with a written notice of tip credit.

53. Corporate Defendant failed to provide each Plaintiff with a written notice of pay day.

54. Corporate Defendant failed to provide each Plaintiff with a written notice of tip credit as required in 29 U.S.C §531.59 as a condition precedent to utilizing the tip credit as required.

55. Corporate Defendant failed to provide each Plaintiff with a written notice of the amount of cash wage the employer is paying the Plaintiffs, which must be at least $2.13 per hour.

56. Corporate Defendant failed to provide each Plaintiff with a written notice of the additional amount claimed by Corporate Defendant as a tip credit.

57. Corporate Defendant failed to provide each Plaintiff with a written notice that the tip credit claimed by the employer cannot exceed the amount of tips actually received by the tipped employee.

58. Corporate Defendant failed to provide each Plaintiff with a written notice that all tips received by the tipped employee are to be retained by the employee except for a valid tip pooling arrangement limited to employees who customarily and regularly receive tips.

59. Corporate Defendant failed to provide each Plaintiff with a written notice that that the tip credit will not apply to any tipped employee unless the employee has been informed of these tip credit provisions.

### UNLAWFUL TIP CREDIT PRACTICES APPLICABLE TO EACH PLAINTIFF ("UNLAWFUL TIP CREDIT PRACTICES")

60. Each Plaintiff was a "food service worker" as defined in 12 NYCRR §146-3.4(a)[4].

61. Plaintiffs were primarily engaged in the serving of food or beverages to guests, patrons or customers in Defendants' restaurant.

62. Plaintiffs regularly received tips from Corporate Defendants' guests, patrons or customers.

63. Plaintiffs did not perform food deliveries while working for Corporate Defendant.

64. Plaintiffs were employees who was statutorily eligible to received shared tips under 12 NYCRR §146-2.14(e).

65. Plaintiffs were bartenders while employed by Corporate Defendant.

66. As a food bartender, Plaintiffs were responsible for serving beverages to customers dining at Corporate Defendants establishment.

---

[4] NYS Minimum Wage Order Effective December 31, 2015 through December 30, 2016; also known as the NYS Hospitality Wage Order. All references to the NYS Hospitality Wage Order are referencing the Wage Order that was in effect from December 31, 2015 through December 30, 2016.

67. Corporate Defendant used a tip credit as part of the compensation scheme for the Plaintiffs.

68. During the Relevant time period, the Corporate Defendant failed to pay the Plaintiffs at least the New York State minimum wage by its use of an unlawful tip credit.

69. During the Relevant time period, the Corporate Defendant failed to pay the Plaintiffs at least the Federal minimum wage by its use of an unlawful tip credit.

**PLAINTIFF ANASTASIA BONDI:**

70. Anastasia started working for Corporate Defendant in or around November 2015.

71. Anastasia stopped working for Corporate Defendant in June 3, 2017.

72. Anastasia performed work for Corporate Defendant during the 2017 calendar year.

73. Anastasia performed work for Corporate Defendant during the 2016 calendar year

74. Anastasia performed work for Corporate Defendant during the 2015 calendar year.

75. Corporate Defendant paid Anastasia by the shift.

76. Corporate Defendant did not pay Anastasia by the hour.

77. Corporate Defendant paid Anastasia with a check.

78. Anastasia was subject to the Unlawful Tip Credit Practices described herein.

79. Anastasia was subject to the Wage Notice Violations described herein.

80. Anastasia worked approximately 20-25 hours each week she was employed by Corporate Defendant.

81. During the Relevant Time Period, Corporate Defendant engaged in a practice of deducting from Anastasia's pay shortages from the cash register.

82. Anastasia never had the power to hire or fire employees, control employee work hours or otherwise control other employee work conditions.

**PLAINTIFF MARIA CAPORALE**

83. Maria started working for Corporate Defendant in or around September 2015.

84. Maria stopped working for Corporate Defendant in June 2017.

85. Maria performed work for Corporate Defendant during the 2017 calendar year.

86. Maria performed work for Corporate Defendant during the 2016 calendar year

87. Maria performed work for Corporate Defendant during the 2015 calendar year.

88. Corporate Defendant paid Maria by the shift.

89. Corporate Defendant did not pay Maria by the hour.

90. Corporate Defendant paid Maria with a check.

91. Maria was subject to the Unlawful Tip Credit Practices described herein.

92. Maria was subject to the Wage Notice Violations described herein.

93. Maria worked approximately 20-25 hours each week she was employed by Corporate Defendant.

94. During the Relevant Time Period, Corporate Defendant engaged in a practice of deducting from Maria's pay shortages from the cash register.

95. Maria never had the power to hire or fire employees, control employee work hours or otherwise control other employee work conditions.

**Plaintiff Jasmine Hernandez**

96. Jasmine started working for Corporate Defendant in or around April 2016.

97. Jasmine stopped working for Corporate Defendant in June 3, 2017.

98. Jasmine performed work for Corporate Defendant during the 2017 calendar year.

99. Jasmine performed work for Corporate Defendant during the 2016 calendar year

100. Jasmine performed work for Corporate Defendant during the 2016 calendar year.

101. Jasmine performed work for Corporate Defendant during the 2017 calendar year.

102. Corporate Defendant paid Jasmine by the shift.

103. Corporate Defendant did not pay Jasmine by the hour.

104. Corporate Defendant paid Jasmine with a check.

105. Jasmine was subject to the Unlawful Tip Credit Practices described herein.

106. Jasmine was subject to the Wage Notice Violations described herein.

107. Jasmine worked approximately 10-14 hours each week she was employed by Corporate Defendant.

108. Jasmine never had the power to hire or fire employees, control employee work hours or otherwise control other employee work conditions.

### RETALIATION APPLICABLE TO ALL PLAINTIFFS

109. On June 3, 2017, Anastasia complained to Michael Defalco that the bartenders were not being properly compensated.

7

110.     In response, Michael Defalco lost his temper, called Anastasia greedy and instructed Anastasia to have all the bartenders meet in his office.

111.     Anastasia left Michael's office and went to gather the bartenders.

112.     Anastasia went to the bar to gather the bartenders and began speaking with Maria.

113.     While speaking with Maria, Michael came to the bar and began screaming at Anastasia and grabbed her by the arm and began pulling her from behind the bar to his office.

114.     Michael engaged in this conduct in front of a room full of customers.

115.     Anastasia began screaming for Michael to stop.

116.     Michael then fired Anastasia and the other Plaintiffs.

## AS AND FOR A FIRST CAUSE OF ACTION
### (Assault & Battery)
### (As Applicable to Plaintiff Anastasia Bondi)

117.     Plaintiffs repeat, re-allege and reincorporate all allegations as though fully set forth herein.

118.     Anastasia had a right to remain free from intentional unwanted physical contact and from being subjected to intentional and unwanted physical threats of physical harm.

119.     Michael Defalco intentionally made unwanted offensive physical contact with Anastasia when he violently grabbed her arm and began pulling her away from the bar in the Defendants establishment.

120.     Michael Defalco  intentional attempted or threatened to inflict injury upon Anastasia immediately prior to grabbing Anastasia's arm when he was screaming at her in a very close physical proximity in front of Defendants' customers.

121.     Michael Defalco had the apparent ability to cause the physical harm to Anastasia.

122.     Anastasia had a reasonable sense of apprehension that Michael Defalco was going to make unwanted offensive physical contact with her.

123.     By Michael Defalco's conduct, Anastasia suffered physical and emotional harm.

## AS AND FOR A SECOND CAUSE OF ACTION
### (Retaliation)
### (NY STATE)

124.     Plaintiffs repeat, re-allege and reincorporate all allegations as though fully set forth herein.

125.     The anti-retaliation protections of NY Lab. Law §215 and its supporting regulations

apply to Defendants and protect the Plaintiffs.

126.     Defendants retaliated against the Plaintiffs when they terminated Plaintiffs' employment when they complained to Michael Defalco about pay practices that the Plaintiffs reasonably believed were unlawful.

127.     By Defendants' knowing or intentional termination of the Plaintiffs' employment for complaining about unlawful pay practices, the Defendants violated NY Lab. Law §215, and the supporting New York State Department of Labor Regulations.

128.     Due to Defendants' violations of the NY Lab. Law §215, Plaintiffs are entitled to recover lost wages, liquidated damages, reasonable attorneys' fees and costs of the action, pre-judgment and post-judgment interest and statutory damages from the Defendants.

## AS AND FOR A THIRD CAUSE OF ACTION
### (Retaliation)
### (Federal)

129.     Plaintiff repeats, re-alleges and reincorporates all allegations as though fully set forth herein.

130.     The anti-retaliation protections of 29 U.S.C §215 and its supporting regulations apply to Defendants and protect the Plaintiffs.

131.     Defendants retaliated against the Plaintiffs when they terminated Plaintiffs' employment when they complained to Michael Defalco about pay practices that the Plaintiffs reasonably believed were unlawful.

132.     By Defendants' knowing or intentional termination of the Plaintiffs' employment for complaining about unlawful pay practices, the Defendants violated 29 U.S.C §215, and the supporting New York State Department of Labor Regulations.

133.     Due to Defendants' violations of the NY Lab. Law §215, Plaintiffs are entitled to recover lost wages, liquidated damages, reasonable attorneys' fees and costs of the action, pre-judgment and post-judgment interest and statutory damages from the Defendants.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (Failure to pay wages)
### NY Lab. Law §191

134.     Plaintiffs repeat, re-allege and reincorporate all allegations as though fully set forth herein.

135.     Under NY Lab. Law §191, an employer is required to pay an employee within one week of the services performed by the employee.

136.     Defendants failed to pay Plaintiffs their wages as required by NYLL §191 by not paying wages within the statutory time-period.

137.     On information and belief, Defendants engaged in an ongoing practice of failing to remit to Plaintiffs all wages due as a result of an unlawful tip-credit.

138.     Because of Defendants' unlawful withholding of wages, Plaintiffs suffered harm.

## AS AND FOR A FIFTH CAUSE OF ACTION
### (Failure to provide wage notices)
### (NY Lab. Law §198(1-b) & NY Lab. Law §198(1-d))

139.     Plaintiffs repeat, re-allege and reincorporate all allegations as though fully set forth herein.

140.     Pursuant to the Wage Theft Prevention Act, New York Labor Law, §195, Defendants willfully failed to furnish Plaintiffs with a required notice containing the following information:

    i.   the rates or rates of pay and basis thereof;

    ii.  whether paid by the hour, shift, day, week, salary, piece, commission or other allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances;

    iii. the regular pay designated by the employer in accordance with NYLL §191;

    iv.  the name of the employer;

    v.   Any "doing business as" names used by the employer;

    vi.  The physical address of the employer's main office or principal place of business, and a mailing address, if different;

    vii. The telephone number of the employer

141.     Defendants willfully failed to furnish Plaintiffs with an accurate statement of wages as required by NYLL §195(3), containing the dates of work covered by that payment of wages; name of the employee; name of the employer; address and phone number of employer; rate or rates of pay and basis thereof; whether paid by hour, shift, day, week, salary, piece, commission, or other; gross wages; hour rate or rates of pay, and overtime rates of pay; the number of hours worked, including over time hours; deductions, allowances, and net wages.

142.     Due to Defendants' violation of NYLL §195(1), Plaintiffs are entitled to recover from Defendants liquidated damages of $50 per each workday that the violation occurred, up to a maximum of $5,000, reasonable attorney fees, and costs and disbursements of this action, pursuant to NYLL § 198(1-b).

143.     Defendants failed to provide Plaintiffs a statement with each payment of wages that sets forth Plaintiffs' hours worked, rates of pay, gross wages, credits claimed (for tips, meals and lodging) if any, deductions and net wages.

144.     Due to Defendants' violation of NYLL §195(3), Plaintiffs are entitled to recover from Defendants liquidated damages of $250 per each workday that the violation occurred, up to a maximum of $5,000, reasonable attorney fees, and costs and disbursements of this action, pursuant to NYLL § 198(1-d).

## AS AND FOR A SIXTH CAUSE OF ACTION
### (Failure to pay minimum wage)
### (Federal)

145.        Plaintiffs repeat, re-allege and reincorporate all allegations as though fully set forth herein.

146.        The minimum wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.,* and the supporting federal regulations, apply to Defendants and protect the Plaintiffs.

147.        Defendants failed to pay Plaintiffs minimum wages to which they are entitled under the FLSA and the supporting Federal Regulations.

148.         Because of Defendants' unlawful acts, Plaintiffs have been deprived of minimum compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to the FLSA.

149.         Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional. Defendants were aware or should have been aware that the practices described in this Complaint are unlawful. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiffs.

150.        Because Defendants' violations of the FLSA have been wilfull, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255

## AS AND FOR A SEVENTH CAUSE OF ACTION
### (Failure to pay minimum wage)
### (NY STATE)

151.        Plaintiffs repeat, re-allege and reincorporate all allegations as though fully set forth herein.

152.        The minimum wage provisions of Article 19 of the NYLL and its supporting regulations apply to Defendants and protect the Plaintiffs.

153.        Defendants failed to pay Plaintiffs minimum wages to which they are entitled under the NYLL and the supporting New York State Department of Labor Regulations.

154.        By Defendants' knowing or intentional failure to pay Plaintiffs minimum wages for hours worked, they have willfully violated NYLL Art. 19, §§ 650 *et seq.,* and the supporting New York State Department of Labor Regulations.

155.        Due to Defendants' violations of the NYLL, Plaintiffs are entitled to recover unpaid minimum wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest from the Defendants.

## <u>PRAYER FOR RELIEF</u>

**WHEREFORE**, Plaintiffs seek the following relief:

A.      An award of compensatory, pecuniary and non-pecuniary damages in an amount to be determined by a trier of fact;

B.      Unpaid wages, and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor regulations;

C.      Unpaid wages pursuant to NYLL Art. 19, §§ 650 *et seq.,* and the supporting New York State Department of Labor regulations, and an additional and equal amount as liquidated damages pursuant to NYLL § 663;

D.      Unpaid wages pursuant to NYLL §191 and an additional and equal amount as liquidated damages pursuant to the NYLL;

E.      Statutory damages equal to $50 for each workday up to a maximum of $5,000 for each workday Plaintiff was not provide a wage notice pursuant to NYLL §198(1-b);

F.      Statutory damages equal to $250 for each workday up to a maximum of $5,000 for each workday Plaintiff was not provide a statement of wages pursuant to NYLL §198(1-d);

G.      Pre-judgment interest and post-judgment interest;

H.      Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under NYLL Art. 6, §§ 190 *et seq.,* NYLL Art. 19, §§ 650 *et seq.,* and the supporting New York State Department of Labor regulations;

I.      An injunction requiring Defendants to pay all statutorily required wages pursuant to the NYLL and an order enjoining Defendant from continuing its unlawful policies and practices as described herein;

J.      Reasonable attorney fees and costs of the action;

K.      Pre-judgment interest and post judgment interest;

L.      Such other relief as this Court shall deem just and proper.

## <u>DEMAND FOR TRIAL BY JURY</u>

Pursuant to Rule 38(b) of the Fed. R. Civ. P., Plaintiff demands a trial by jury on all questions of fact raised by this Complaint.


Dated:   White Plains, New York
            July 26, 2017

EL-HAG & ASSOCIATES, P.C

_____

Jordan El-Hag, Esq.
777 Westchester Ave, Suite 101
White Plains, N.Y, 10604
(914) 218-6190 (p)
(914) 206-4176 (f)
Jordan@elhaglaw.com
www.elhaglaw.com

13