UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANASTASIA BONDI ;MARIA CAPORALE;
JASMIN HERNANDEZ; JESSICA SARFATY;
MONIQUE MAZZEI; MATT CAM; NOEL
PUGLIESE, *and all others similarly situated*,

Plaintiffs,

-v-

NEW ROCHELLE HOTEL ASSOCIATES D/B/A
NOMA SOCIAL; MICHAEL DEFALCO; COLBY
BROCK GUALANO, and PETER BROCK,

Defendants.

Case No. 17-CV-5681 (KMK)

ORDER ADOPTING R&R

KENNETH M. KARAS, United States District Judge:

Anastasia Bondi ("Bondi"), Maria Caporale ("Caporale"), Jasmin Hernandez ("Hernandez"), Jessica Sarfaty ("Sarfaty"), Monique Mazzei ("Mazzei"), Matt Cam ("Cam"), Noel Pugliese ("Pugliese") (collectively, "Plaintiffs"), bring this Action against New Rochelle Hotel Associations d/b/a Noma Social ("NRHA") Michael DeFalco ("DeFalco"), Colby Brock Gualano ("Gualano") and Peter Brock ("Brock") (collectively, "Defendants"), on behalf of themselves and all others similarly situated, seeking compensation for a variety of alleged labor and wage violations. (*See* Third Am. Compl. (Dkt. No. 71).) The Court referred the case to Magistrate Judge Lisa Margaret Smith ("Judge Smith") for general pre-trial supervision. (Dkt. No. 24.)

On October 4, 2018, Plaintiffs filed a motion seeking class certification pursuant to Federal Rule of Civil Procedure 23 and conditional certification of their Fair Labor Standards Act claim as a collective action pursuant to 29 U.S.C. § 216(b) (the "Motion"), as well as their

supporting papers. (Dkt. Nos. 99–109.)[1] On November 2, 2018, Defendants filed their opposition to the Motion and supporting papers. (Dkt. Nos. 96–98.) On November 11, 2018, Plaintiff filed their reply. (Dkt. No. 110.) On December 7, 2018, Judge Smith issued a Report and Recommendation (the R&R) recommending that the Court deny Plaintiffs' Motion in its entirety without prejudice to renew. (R&R 1, 37–38.) The Parties were advised of their right to file objections to the R&R, (*see* R&R 38), but no objections were filed.

A district court reviewing an R&R addressing a dispositive motion "may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Pursuant to § 636(b)(1) and Fed. R. Civ. P. 72(b), parties may submit objections to the magistrate judge's R&R. The objections raised must be "specific" and "written," and must be filed "[w]ithin 14 days after being served with a copy of the recommended disposition." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1).

"[W]here a party does not submit an objection, a district court need only satisfy itself that there is no clear error on the face of the record." *Donahue v. Global Home Loans & Fin., Inc.*, No. 05-CV-8362, 2007 WL 831816, at *1 (S.D.N.Y. Mar. 15, 2007) (quotation marks omitted). In addition, a party's failure to object will waive that party's right to challenge the R&R on appeal. *See FDIC v. Hillcrest Assocs.*, 66 F.3d 566, 569 (2d Cir. 1995) ("Our rule is that failure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision." (citation and quotation marks omitted)).

---

[1] Plaintiffs initially filed their Motion and accompanying papers at Dkt. Nos. 72–80. However, these filings were marked as deficient by the Clerk's Office. On November 11, 2018, Plaintiffs properly re-filed their motion and supporting documents. (Dkt. Nos. 99–109.)

2

Here, as noted, the Parties have not filed objections to the R&R. Accordingly, the Court has reviewed the R&R under the clear error standard. The Court finds no clear error in the R&R, and therefore adopts Magistrate Judge Smith's R&R in its entirety.

Accordingly, Plaintiffs' Motion is denied. The Clerk of the Court is respectfully directed to terminate the pending motion. (Dkt. No. 99.)

SO ORDERED.

Dated: White Plains, New York
February 6, 2019

KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE