UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ANASTASIA BONDI, MARIA CAPORALE, JASMIN
HERNANDEZ, JESSICA SARFATY, MONIQUE MAZZEI, MATT     7:17-CV-05681 (KMK)(LMS)
CAM, NOEL PUGLIESE, AND ALL OTHERS SIMILARLY
SITUATED;

                                Plaintiffs,

                    -against-

NEW ROCHELLE HOTEL ASSOCIATES D/B/A NOMA SOCIAL,
MICHAEL DEFALCO, COLBY BROCK GUALANO, AND PETER
BROCK,

                           Defendants.
-----------------------------------------------------------------X

## [PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT AND APPROVING OF PLAINTIFFS' PROPOSED NOTICE OF SETTLEMENT

The above-entitled matter came before the Court on Plaintiffs' Motion for Preliminary

Approval of Class Settlement and Approving of Plaintiffs' Proposed Notice of Class Action

Settlement and Fairness Hearing ("Motion for Preliminary Approval") (Doc. No. 127).

### I.    Background.

1.      Plaintiffs Anastasia Bondi, Maria Caporale, and Jasmin Hernandez filed *Bondi*

*et. al. v. New Rochelle Hotel Associates d/b/a Noma Social, et. al.,* 17 Civ. 05681

(KMK)(LMS) (the "*Litigation*") on July 26, 2017. Through three amended complaints,

Plaintiffs added four additional named plaintiffs (Collectively the "Plaintiffs").

2.      In the Litigation, Plaintiffs allege that Defendants used an improper tip credit

based on an alleged failure to provide tipped food service workers with a proper notice of the

tip credit under the Fair Labor Standards Act, 29 U.S.C. §§ 209 et seq. ("FLSA") and the New

York Labor Law §§ 650-665 ("NYLL"), which Plaintiffs argue invalidated the use of a tip credit

rate of pay; alleged failure to pay employees a spread of hours premium under the NYLL for

working more than 10 hours in a day; and alleged failure to provide wage notices required by

the NYLL. And therefore, the Plaintiffs claim they are owed the difference between the applicable minimum wage and the hourly rate paid, spread of hours pay, liquidated damages, attorneys' fees, and statutory penalties.

3.      On November 11, 2018, Plaintiffs moved under the FLSA to certify a collective class of tipped employees who worked at the Defendants' restaurant, and under Fed. R. Civ. P. 23 for class certification of the Plaintiffs' claims under the New York Labor Law.

4.      On December 7, 2018, Magistrate Judge Lisa M. Smith issued a report and recommendation that the Plaintiffs' motion for collective and class certification be denied, without prejudice to renew the instant motion upon a proper showing. On February 6, 2019, the Court adopted Magistrate Smith's report and recommendation.

5.      After denial of Plaintiffs' motion to certify, the parties negotiated the terms of the Joint Stipulation of Settlement and Release ("Settlement Agreement"), attached to the Declaration of Jordan El-Hag, Esq. ("El-Hag Declaration") as Exhibit 3. (Doc. No. 129, Ex. #3).

## II.      Preliminary Approval of Settlement.

8.      The parties' proposed settlement resolves all claims arising under the Fair Labor Standards Act (for participating class members) and New York Labor Law in the Litigation.

9.      The class to which the Settlement applies is Plaintiffs, any Class Members who timely complete and submit a Claim Form within the Acceptance Period, and all individuals who worked as tipped food service employees in Defendant NRHA's restaurant from July 26, 2011 through the issuance date of this Order (the "Class Members").

10.      The Settlement Agreement creates a fund of up to $193,000.00 ("Fund") that resolves all claims in the Litigation including claims for attorneys' fees and costs.

11.      Class counsel fees, claims administration fees, and any applicable service awards are to be paid from the Fund prior to distributions for the Class Members.

12.      Defendant NRHA shall be responsible for paying the employer's share of payroll

10

taxes associated with payments to Class Members designated as wages, including but not limited to FICA, FUTA, and SUTA. In addition, Defendant NRHA has agreed to be responsible for any claims administration fees that may become due and owing in the event the Court does not grant final approval of this class settlement.

13.     According to the allocation formula set forth in the Settlement Agreement ("Allocation Formula"), class members will be are allocated a percentage of the Fund based on the hours they worked during the periods at issue in the Lawsuit, and the amount of tip credit applied during the same time period.  The parties have agreed upon a minimum allocation to be paid to participating class members who did not work during weeks prior to August 2017.  The parties will provide the claims administrator for review information regarding the individual value of class members' allocation which is based on the agreed-upon aggregate value of the projected liability, which will yield a share of the net settlement fund that each class member will have the opportunity to receive.

14.     Preliminary approval, which Plaintiffs seek here, is the first step in the settlement process. It allows notice to be issued to the class and for class members to object to or opt-out of the settlement. After the notice period, the Court will be able to evaluate the settlement with the benefit of the class members' input.

15.     The approval of a proposed class action settlement is a matter of discretion for the trial court. *Maywalt v. Parker & Parsley Petroleum Co.*, 67 F.3d 1072, 1079 (2d Cir. 1998); *Clark v. Ecolab, Inc.*, No. 07 Civ. 8623 (PAC), No. 04 Civ. 4488 (PAC), No. 06 Civ. 5672 (PAC), 2009 U.S. Dist. LEXIS 108736 at *13-14 (S.D.N.Y. Nov. 17, 2009). In exercising this discretion, courts should give "proper deference to the private consensual decision of the parties." *Clark*, 2009 U.S. Dist. LEXIS 108736, at *14 (citing *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1027 (9th Cir. 1988)). "In evaluating the settlement, the Court should keep in mind the unique ability of class and defense counsel to assess the potential risks and rewards of

10

litigation ..." *Clark*, 2009 U.S. Dist. LEXIS 108736, at \*14 (internal citation omitted).

16.　　Preliminary approval of a settlement agreement requires only an "initial evaluation" of the fairness of the proposed settlement based on written submissions and an informal presentation by the settling parties. *Clark*, 2009 U.S. Dist. LEXIS 108736, at \*14-15 (citing Herbert B. Newberg & Alba Conte, Newberg on Class Actions ("Newberg") § 11.25 (4th ed. 2002). To grant preliminary approval, the court need only find that there is "'probable cause' to submit the [settlement] to class members and hold a full-scale hearing as to its fairness." *In re Traffic Executive Ass'n*, 627 F.2d 631, 634 (2d Cir. 1980). If, after a preliminary evaluation of the proposed settlement, the court finds that it "appears to fall within the range of possible approval," the court should order that the class members receive notice of the settlement. *Clark*, 2009 U.S. Dist. LEXIS 108736, at \*15 (citing Newberg at § 11.25).

17.　　The Court concludes that the proposed Settlement Agreement and Allocation Formula are within the range of possible final settlement approval. Therefore, notice to the Class is appropriate. *deMunecas v. Bold Food, LLC*, 09 Civ. 00440, 2010 U.S. Dist. LEXIS 38229, at \*2-3 (S.D.N.Y. Apr. 19, 2010); *Danieli v. IBM*, No. 08 Civ. 3688, 2009 U.S. Dist. LEXIS 106938, at \*12-13 (S.D.N.Y. Nov. 16, 2009) (granting preliminary approval where settlement "has no obvious defects" and proposed allocation plan is "rationally related to the relative strengths and weaknesses of the respective claims asserted"). The Court also finds that the Settlement Agreement is the result of extensive, arms length negotiations by counsel well-versed in the prosecution of wage and hour class and collective actions.

18.　　Based upon the Court's review of the Plaintiffs' Memorandum of Law in Support of Plaintiffs' Motion for Preliminary Approval of Class Settlement, the El-Hag Declaration, and all other papers submitted in connection with Plaintiffs' Motion for Preliminary Approval, the Court grants preliminary approval of the settlement memorialized in the Settlement Agreement.

**III.　Class Notice.**

10

19.   For settlement purposes only, the Court approves the Proposed Notice of Class

Action Settlement and Fairness Hearing ("Proposed Notice"), which is attached as Exhibit 4 to

Plaintiffs' attorney Affirmation In Support of Motion for Preliminary Approval of Class

Settlement (Doc. No. 129, Ex. # 4), and directs its distribution to the Class Members.

20.   The content of the Proposed Notice fully complies with due process and Federal

Rule of Civil Procedure 23.

21.   Pursuant to Federal Rule of Civil Procedure 23(c)(2)(B), a notice must provide:

> the best notice practicable under the circumstances, including
> individual notice to all members who can be identified through
> reasonable effort. The notice must concisely and clearly state in plain,
> easily understood language: the nature of the action; the definition of
> the class certified; the class claims, issues, or defenses; that a class
> member may enter an appearance through counsel if the member so
> desires; that the court will exclude from the class any member who
> requests exclusion, stating when and how members may elect to be
> excluded; and the binding effect of a class judgment on class
> members under Rule 23(c)(3).

Fed. R. Civ. P. 23(c)(2)(B); *see also Clark*, 2009 U.S. Dist. LEXIS 108736, at *21-22.

22.   The Notice satisfies each of these requirements and adequately puts class

members on notice of the proposed settlement. *See, e.g., In re Michael Milken & Assocs. Sec.

Litig.*, 150 F.R.D. 57, 60 (S.D.N.Y. 1993) (class notice "need only describe the terms of the

settlement generally"). The Notice is appropriate because it describes the terms of the

settlement, and provides specific information regarding the date, time, and place of the final

approval hearing. *Clark*, 2009 U.S. Dist. LEXIS 108736, at *22.

## IV.   Class Action Settlement Procedure.

23.   The Court hereby adopts the following settlement approval process, which

safeguards class members' procedural due process rights, enables the Court to fulfill its role as

the guardian of class interests, and is consistent with the standard procedure for evaluating class

action settlements. *See* Fed. R. Civ. P. 23(e); Newberg at §§ 11.22 *et seq.*; *Damassia v. Duane*

*Reade, Inc.*, 04 Civ. 08819 (GEL),04 Civ. 02295 (GEL), 2009 U.S. Dist. LEXIS 77489

(S.D.N.Y. July 24, 2009) (granting final approval of class action settlement after preliminary

approval, notice and fairness hearing); *Mohney v. Shelly's Prime Steak Stone Crab & Oyster*

*Bar*, No. 06 Civ. 4260, 2009 U.S. Dist. LEXIS 27899 (S.D.N.Y. Mar. 31, 2009) (same):

a.  Within 15 calendar days after issuance of this Order, Defendant New
    Rochelle Hotel Associates ("NRHA") will provide the Claims
    Administrator with a list, in electronic form, of the names, last known
    addresses as it exists in NRHA's files, telephone numbers, job titles and
    dates in job titles, and social security numbers of all Class Members. The
    same information will be provided to Class Counsel, with the exception of
    addresses and social security numbers.

b.  Within 15 calendar days after NRHA provides the information in
    Paragraph 20(a) above to the Claims Administrator, the Claims
    Administrator shall mail, via First Class United States mail, postage
    prepaid, the Court approved Notice and Claim form, in English using each
    individual's last known address as recorded in Defendants' records.

c.  Class members shall have 60 days after the date the Notices are mailed to
    submit a Consent to Join Settlement Class & Settlement Claim
    Certification Form, or to opt out of the settlement, or to object to the
    settlement.

d.  A final fairness hearing will be held as soon as is convenient for the Court, but
    No sooner than 100 days after the date this Proposed Order is So Ordered by
    the Court, the Court will hold a final fairness hearing on
    __9/16/2020__ at __10a__a.m. at the The Honorable Charles L.

Brieant Jr. Courthouse, U.S. District Court, Southern District of New York, 300 Quarropas Street, White Plains, New York in Courtroom _52 1

e.    Not later than 15 days before the final fairness hearing, Plaintiffs will file a motion for final approval of the Settlement Agreement.

f.    If the Court grants Plaintiffs' Motion for Final Approval of the Settlement, the Court will issue a Final Order and Judgment for Dismissal.

g.    The Final Effective Date will be thirty (30) days after the Court has entered the Final Approval Order, and the time to appeal from the Final Approval Order has expired and no notice of appeal has been filed or if a notice of appeal is filed, the latest of the following, if applicable, has occurred: (1) any appeal from the Final Approval Order has been finally dismissed; (2) the Final Approval Order has been affirmed on appeal in a form substantially identical to the form of the Final Approval Order entered by the Court; (3) the time to petition for review with respect to any appellate decision affirming the Final Approval Order has expired; and (4) if a petition for review of an appellate decision is filed, the petition has been denied or dismissed, or, if granted, has resulted in affirmance of the Final Approval Order in a form substantially identical to the form of the Final Approval Order entered by the Court..

h.    Defendant NRHA shall fund the Qualified Settlement Fund within Fifteen (15) days after the Final Approval Order provided, however, that the monies shall be returned to Defendant NRHA in the event of an appeal of the Final Approval Order. In the event of an appeal of the Final Approval Order, Defendant NRHA

shall fund the Qualified Settlement Fund within ten (10) days after the Final Effective Date.

i.    The Claims Administrator shall issue the Settlement checks within 30 days from the Final Effective Date.

j.    Authorized Claimants will have ninety (90) days from the date of the mailing of the Settlement Checks to cash their Settlement Checks.

k.    The amount of any uncashed Settlement Checks shall revert to Defendant NRHA ninety-one (91) days after mailing.  Such reversion payment shall be made to Defendant NHRA by the Settlement Claims Administrator.  For purposes of this provision, the mailing date shall be deemed to be the date posted on the Settlement Checks.

l.    The parties shall abide by all terms of the Settlement Agreement.

m.    Class Counsel shall submit a motion for final approval on or before 8/31/2020 ~~2019~~

n.    The Parties shall appear before this Court for the final fairness hearing on ~~November 1, 2019 at~~ 9/16/2020 (a.m/p.m), subject to all prior deadlines being met. at 10.am

It is so ORDERED this 13 day of May , ~~201~~ 2020

Honorable Kenneth M. Karas
United States District Judge

10