UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ANASTASIA BONDI, MARIA CAPORALE, JASMIN
HERNANDEZ, JESSICA SARFATY, MONIQUE MAZZEI,
MATT CAM, NOEL PUGLIESE, AND ALL OTHERS
SIMILARLY SITUATED;

                                             Plaintiffs,

           -against-

NEW ROCHELLE HOTEL ASSOCIATES D/B/A NOMA
SOCIAL, MICHAEL DEFALCO, COLBY BROCK GUALANO,
AND PETER BROCK,

                                     Defendants.
-----------------------------------------------------------------X

7:17-CV-05681 (KMK)(LMS)

**~~[Proposed]~~ FINAL ORDER AND JUDGMENT GRANTING PLAINTIFFS'
MOTION FOR FINAL APPROVAL OF THE CLASS ACTION SETTLEMENT;
MOTION FOR APPROVAL OF SERVICE AWARDS; AND MOTION FOR APPROVAL
OF ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES**

      The above-entitled matter came before the Court on Plaintiffs' Motion for Final
Approval of the Class Action Settlement ("Motion for Final Approval") (Dkt. No. 135), Motion
for Approval of Service Awards ("Motion for Service Awards") (Dkt. No. 141), and Motion for
Approval of Attorneys' Fees and Reimbursement of Expenses ("Motion for Fees") (Dkt. No.
138). After reviewing the papers in support of the Motions for Final Approval, Service
Awards, and Fees, and supporting declarations and exhibits, the arguments of counsel during
the September 16, 2020 Fairness Hearing, and all other materials properly before the Court, the
Court hereby finds and orders as follows:

    A. On August 31, 2020, Plaintiffs Anastasia Bondi, Maria Caporale, Jasmin Hernandez,
       Jessica Sarfaty, Monique Mazzei, Matt Cam, Noel Pugliese ("Plaintiffs") filed their Motion
       for Service Awards and Motion for Fees.

    B. On August 31, 2020, Plaintiffs filed a Motion for Final Approval with respect to the
       proposed Class Settlement Agreement and Release ("Settlement Agreement").

    C. All capitalized terms in this Order with respect to the Settlement Agreement that are not
       otherwise defined have the same meaning as in the Settlement Agreement.

    D. NOW THEREFORE, after due deliberation and for good cause, this Court hereby
       ORDERS that:

1. For the reasons set forth in Plaintiffs' Memorandum of Law (Dkt. No. 137), this Court finds that the numerosity, commonality, typicality, and adequacy requirements of Rule 23(a), and the predominance and superiority requirements of Rule 23(b)(3), have been met, thus warranting class and collective certification for purposes of effectuating the settlement. The Court hereby certifies the following class for settlement purposes:

   All individuals who worked as tipped food service employees in Defendant New Rochelle Hotel Associates' restaurant from July 26, 2011 through May 13, 2020, plus Plaintiffs Anastasia Bondi, Maria Caporale, Jasmin Hernandez, Jessica Sarfaty, Monique Mazzei, Matt Cam, and Noel Pugliese.

2. The Court finds that the Settlement Agreement is fair, reasonable, and adequate and should be approved on a final basis. The settlement will ensure prompt payment to Class Members and avoid the risks and expense of continued litigation.

3. The Court has reviewed the terms and conditions of the Settlement Agreement, including the monetary relief provisions, the plan of allocation, and the release of claims. Based on its review of the Settlement Agreement, Plaintiffs' Memorandum of Law, and the Court's familiarity with this case, the Court finds that the Settlement Agreement is the result of extensive, arm's-length negotiations between the Parties after Plaintiffs' Counsel and Defendants' Counsel had fully investigated the claims and become familiar with the strengths and weaknesses of the claims. Although settlement was not initially achieved, the assistance of a neutral mediator supports the Court's finding that the settlement was not collusive. Based on all of these factors, the Court finds that the Settlement Agreement has no obvious defects and is within the range of settlement approval.

4. The Court finds that there were no written objections to the Settlement Agreement.

5. The Court finds that the Settlement Agreement satisfies all the requirements for certification of a settlement class under Rule 23(a) and 23(b)(3).

6. The Parties' dissemination of the Notice to the class via First Class United States Mail to the last known address of each Class Member was in accordance with Section 2.5 of the Settlement Agreement. The Court finds that the procedures for notifying the Class Members about the settlement constituted the best notice practicable under the circumstances to all Class Members, and fully satisfied all necessary requirements of due process. Based on the evidence and other materials submitted to the Court, the Notice to the Class Members provided adequate, due, sufficient and valid notice of the settlement.

7. Based on the foregoing, the Court approves certification of the Settlement Class.

8. Based on the foregoing, the Court grants final approval of the Settlement Agreement.

9. The Settlement Agreement is the product of contested litigation to resolve *bona fide* disputes.

10. The Court approves the requested Service Awards in the amount of Ten Thousand Dollars ($10,000.00) each to Named Plaintiffs Jessica Sarfaty, Matt Cam, and Noel Pugliese, and Two Thousand Dollars ($2,000.00) to Named Plaintiff Monique Mazzei for their service and assistance in the prosecution of the litigation.

11. Class Counsel's request for attorneys' fees and litigation costs and expenses in this action is approved. Accordingly, Class Counsel is hereby awarded $65,083.33, or one-third of the Gross Settlement Amount, for attorneys' fees and $750 for reimbursement of litigation costs and expenses, which the Court finds were reasonably incurred in prosecution of the litigation. Class Counsel is well qualified, experienced, and has aggressively litigated this action, thereby demonstrating his adequacy as counsel for the class. The Court finds that these amounts are justified by the work performed, risks taken, and the results achieved by Class Counsel.

12. The Settlement Claims Administrator will distribute the Settlement Checks, including Service Awards, and Class Counsel's Fees and Costs in accordance with the terms of the Settlement Agreement. The Settlement Claims Administrator is ordered to provide verification to Class Counsel and Defendants' Counsel that it has distributed the Settlement Checks and made proper withholdings, and to retain copies of all endorsed Settlement Checks.

13. This litigation is dismissed with prejudice, as are all Released Claims asserted in the litigation, including the claims of all Class Members who did not opt out.

14. The Court will retain jurisdiction over the interpretation and implementation of the Settlement Agreement, as well as any and all matters arising out of, or related to, the interpretation or implementation of the Settlement Agreement.

15. The Court finds, pursuant to Fed. R. Civ. P. 54(b), that there is no just reason for delay, and directs the Clerk to enter this Order.

It is so ORDERED this __16th__ day of __September__, 202_0_.

SO ORDERED

KENNETH M. KARAS U.S.D.J.